```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re
                                                              14 Civ. 05749 (LGS)
Berlin & Denmar Distributors, Inc.                            Bankruptcy Case 13-B-01315 (SMB)
                  Debtors.


                                                              OPINION AND ORDER
------------------------------------------------------------x
```

LORNA G. SCHOFIELD, District Judge:

  Appellee Berlin & Denmar Distributors, Inc. ("Berlin"), moves to dismiss the appeal of Appellant Goldstein Development Corporation ("Goldstein") from an Order of the Bankruptcy Court dated May 23, 2014, because of Goldstein's failure to prosecute its appeal. Goldstein does not oppose the motion. For the reasons stated below, the Motion is granted.

**I. BACKGROUND**

  **A. Proceedings in Bankruptcy Court**

  This is Goldstein's second appeal from the Bankruptcy Court. Familiarty with the underlying facts is assumed. *See Goldstein Dev. Corp. v. Berlin & Denmar Distribs., Inc.*, No. 13 Civ. 2310, 2013 WL 3948686 (S.D.N.Y. July 31, 2013). While Goldstein's prior appeal was pending, Berlin sought to recover in Bankruptcy Court its costs and expenses incurred in connection with Goldstein's repudiation of its bid for Berlin's property. On May 23, 2014, the Bankruptcy Court held that Berlin was entitled to damages in excess of Goldstein's deposit, but that the exact amount of damages would require an evidentiary hearing. This order is the subject of the present appeal.

  **B. Proceedings in this Court**

  On July 28, 2014, Goldstein filed a notice of appeal with this Court. At the same time, pursuant to Rule 8006, Goldstein also filed a statement of issues on appeal and provided its list

1

of items for inclusion in the record on appeal.  Goldstein was then required to file its brief "within 14 days after entry of the appeal on the docket."  Fed. R. Bankr. P. 8009.

A July 29, 2014, order directed Goldstein to comply with the briefing deadlines set forth in Bankruptcy Rule 8009 , and to submit a copy of the order and opinion on appeal at least 48 hours before the scheduled appellate conference.  The order stated, "Failure to comply with this order and/or the time limits in Rules 8006 or 8009 will result in dismissal of the appeal."

Because Goldstein's appeal was docketed on July 28, 2014, its appellate brief was due by August 11, 2014.  Goldstein failed to file a timely brief.  Goldstein also failed to submit a copy of the order and opinion it was appealing.  At the August 12, 2014, conference, Goldstein was granted an extension until the close of business that day to file a brief, which Goldstein failed to do.

Berlin moved to dismiss Goldstein's appeal.   Goldstein has not filed any opposition or otherwise responded to the motion.

## II. DISCUSSION

"The time limitations imposed by Rule 8009 are not jurisdictional, and hence the district court is not required . . . to dismiss the appeal of a party who has failed to meet those deadlines." *In re Tampa Chain Co., Inc.*, 835 F.2d 54, 55 (2d Cir. 1987).  "[W]here the Appellant's failure to file a brief is at issue, the Court must use its 'discretion to determine whether dismissal is appropriate in the circumstances' . . . ." *In re Futterman*, No. 99 Civ 8793, 2001 WL 282716, at *3  (S.D.N.Y. Mar. 21, 2001) (quoting *In re Tampa Chain Co., Inc.*, 835 F.2d at 55).  "A pattern of delay and the absence of any reasonable excuse justify dismissal." *In re MacInnis*, No. 98 Civ. 2894, 1998 WL 409726, at *3 (S.D.N.Y. July 21, 1998).

Goldstein has exhibited a pattern of delay and provided no excuse.  Goldstein's "failure to file its appeal brief, its failure to request an extension of time, and its failure to respond to the

2

present motion to dismiss give this court ample reason to dismiss its appeal" with prejudice.  *In re Benhil Shirt Shops, Inc.*, 82 B.R. 7, 9 (S.D.N.Y. 1987).  Berlin's Motion is therefore granted.

Pursuant to Bankruptcy Rule 8014, which provides that "costs shall be taxed against the losing party on an appeal," Goldstein shall pay Berlin's costs incurred in this appeal.  However, "[t]he Bankruptcy Rules do not recognize attorney's fees as a recoverable cost of an appeal."  *In re T. R. Acquisisition Corp.*, No. 95 B 41322, 1997 WL 528156, at *2 (S.D.N.Y. Aug. 26, 1997).

### III.  CONCLUSION

For the foregoing reasons, Goldstein's appeal is dismissed with prejudice, and Goldstein is taxed for the costs incurred by Berlin in connection with the appeal.  The Clerk of Court is directed to close the motion at Docket No. 8 and to close this case.

SO ORDERED.

Dated:  September 2, 2014
         New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**